```
                    IN THE
          UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF ILLINOIS
                EASTERN DIVISION
```

UNITED STATES OF AMERICA,   )
                            )
            Plaintiff,      )    No. 18 CR 45-01
    v.                      )
                            )    Hon. Elaine E. Bucklo,
ANTONIO EDWARDS,            )    Judge Presiding
                            )
            Defendant.      )

**MOTION FOR NEW TRIAL**

    Now comes the defendant, ANTONIO EDWARDS, by and through his attorney, John T. Kennedy, and respectfully requests moves this Court for a new trial pursuant to Rule 33(b) of the Federal Rules of Criminal Procedure. In support of this motion, the defendant states as follows:

    1. The defendant, Antonio Edwards, was charged along with James Bates and Stephanie Edwards in an eleven count superseding indictment. The counts alleging involvement of Antonio Edwards are:

    a) Count 6, alleging obstruction of commerce by robbery of the Verizon Store in Waukegan, Illinois on April 25, 2017;

    b) Count 7, alleging brandishing of a firearm during the offense charged in Count Six of the indictment;

    c) Count 9, alleging brandishing of a firearm during the offense charged in Count Eight of the indictment.

3. The defendant was tried before a jury on counts 6, 7, and 9, and the jury returned a verdict of guilty on Counts 6, 7, and 9.

4. The defendant asserts the following as errors affecting a substantial right of the defendant under Rules 51 and 52 of the F.R.C.P., under Rule 103 of the Federal Rules of Evidence, and under any other applicable Rules.

a) error in allowing use of other crimes evidence under Rule 404(b) as evidence of <u>modus</u> <u>operandi</u> where there was nothing unique about the manner of commission of the offense, and use of other crimes evidence was unfairly prejudicial.

b) error in the response to the jury's note requesting a transcript of the testimony of Jorge Acosta, where the Court denied the defendant's request to provide such transcript.

c) error in allowing use of a Glock handgun as demonstrative evidence on the issue of whether the robber was armed with a real handgun where such demonstrative evidence was unfairly prejudicial and did not reasonably address the issue.

d) error in use of a confusing jury instruction, Government Instruction No. 27, addressing proof of participation in a robbery in support of the brandishing charge in Count 9, and as identification evidence in Count 6, where use of a confusing instruction had the effect of giving no instruction as to the precondition for consideration of the Bradley robbery evidence.

MEMORANDUM OF LAW

**Evidence of other crimes**

It was error to allow into evidence other crimes evidence, the Count 2 robbery on March 29, 2017 of a T-Mobile Store in Chicago, to which the defendant had previously pled guilty. The video of the March 29, 2020 robbery was shown to the jury as evidence that the defendant committed the Count 7 April 25, 2017 robbery in Waukegan.

The prosecution argued that the Chicago robbery was evidence that the defendant was part of the Waukegan robbery. The prosecution argued that in the Waukegan robbery, the defendant wore a pulled-down hat and a hoodie, and that it prevented his identification. (Transcript of trial, p. 484)

The defense argued that in the Waukegan robbery, the robber could not be identified by the witness Kayla McKenzie and that a different witness, Jorge Acosta, testified that Antonio Edwards was not the robber.

There was nothing unique about how the Chicago robbery took place. There was a gunman, another robber, a lookout and a getaway driver. That proceeds were put in black plastic garbage bags was not unique, but a a testimonial to the ubiquitous nature of black plastic garbage bags in the hands of criminals. And that the robbers carried away the proceeds was not unique. That a gun was

used was in the nature of a robbery, which is by definition a taking by force.  That a robber wore a hoodie and a cap was not unique, but a common way to conceal identity.  The Chicago robbery did not show modus operandi.

Use of the Chicago robbery video did not lead to an identification of Antonio Edwards, because the witnesses have testified that it was not Antonio Edwards or they didn't know. That Antonio Edwards pled guilty to the Chicago robbery provided a basis to believe that one of the robbers in the Chicago robbery was Antonio Edwards; but that does not help identify the robber in the Waukegan robbery.

The Chicago robbery video was of no probative value on the issue of identification of the robber, but it did have a very prejudicial effect. And it invited the jury to convict on the basis of propensity.  It invited the thought process of "Oh well, if he didn't do this one, he must have done another".

There was unfair prejudice, because there was "the capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged".  United States v. Coleman, 179 F.3d 1056, 1062 (7th Cir.) 1990, citing Old Chief v. United States, 519 U.S. 172, 180 (1997).

**Denial of request by jury for transcript of witness testimony.**

It was error to refuse the request of the jury for the

transcript of the testimony of Jorge Acosta. The defense had argued in closing that Jorge Acosta had testified that the defendant was not the robber. If believed, this was strong evidence in favor of the defendant. That the jury sought from the Court the transcript of Jorge Acosta's testimony showed the jury's awareness of the importance of his testimony.

The decision whether to comply with the jury's request is purely within the trial court's discretion. United States v. Howard, 80 F.3d 1194, 1202 (7th Cir. 1996). In United States v. Howard, the jury requested the transcript of an officer's testimony; the officer had been a key witness in the drug case, because only he saw the defendant visit an alleged supplier's trailer to allegedly pick up cocaine. United States v. Howard, 80 F.3d at 1201-02. The judge instructed the jury that a transcript was not available and that the jury should rely on its recollection. United States v. Howard, 80 F.3d at 1202.

In affirming the decision, the Appellate Court noted that the defendant had not availed himself of an opportunity to recall the officer to the stand, and that it did not see how the transcript would aid the jury. United States v. Howard, 80 F.3d at 1202.

In contrast, in defendant Edward's case the transcript would have been quickly available, given the computerized creation of transcripts; and the transcript would have aided the jury by addressing an important issue in the case - namely whether the

defendant was one of the robbers.

The Third Circuit has held that a trial court abuses its discretion when it refuses to read requested portions of a transcript, unless there would be too much delay or the portion may give undue emphasis. United States v. Adcox, 19 F.3d 290, 293 (7th Cir. 1994), citing United States v. Zarintash, 736 F.3d 66 (3rd Cir. 1984). The First Circuit held that the court can and should take into consideration the reasonablenss of the jury's request and the difficulty of complying with it. United States v. Adcox, 19 F.3d at 293, citing United States v. Almonte, 594 F.2d 261 (1st Cir. 1979).

**Demonstrative evidence**

It was error to allow use of a pistol as demonstrative evidence. The risk of demonstrative evidence of a gun is that it may confuse the jury as to whether the gun is the actual gun involved instead of merely demonstrative evidence. United States v. Aldaco, 201 F.3d 979, 986 (7th Cir. 2000). The demonstrative evidence did not address that the gun involved in the robbery might have been a quality replica, where the agent merely testified that it was unlikely given that such a quality replica gun that would produce a "racking" sound would be more expensive to purchase. Introduction of the demonstrative evidence was unfairly prejudicial to the defendant.

**Confusing jury instruction**

It was error to give Government Instruction No. 27, addressing use of the April 30, 2017 robbery of the AT&T Store in Bradley, Illinois. The instruction was confusing in the statement that the defendant pled guilty to the offense, yet the jury must consider that it is more likely than not that the defendant participated in the Bradley robbery, an issue that apparently was resolved by a plea of guilty.

In Huff v. Sheahan, 493 F.3d 893, it was held that a reversal will be made when the instructions misstate the law and when this confuses or misleads the jury and prejudices the objecting litigant. Huff v. Sheahan, 493 F.3d 893, 889 (7th Cir. 2007). Because the instruction is confusing on what the prerequisites are for consideration of the Bradley robbery, it sets the stage for the jury to ignore the confusing portion of the instruction and to consider the Bradley robbery evidence against the defendant without first properly considering whether the defendant was a participant in the Bradley robbery.

Wherefore, the defendant Antonio Edwards, by and through his attorney, John T. Kennedy, respectfully moves this Court pursuant to Rule 33(b) of the Federal Rules of Criminal Procedure to vacate the judgment of conviction and to award a new trial to the defendant Antonio Edwards.

```
                                  Respectfully submitted,


                                  /s/ John T. Kennedy
                              By:_____
                                     John T. Kennedy
                                     Attorney for Defendant
```

John T. Kennedy  
Attorney for Defendant  
708 Church Street, Suite 205  
Evanston, Il 60201  
(847) 425-1115  
(847) 254-6459 (cell)  
kennedy3317@aol.com

CERTIFICATE OF SERVICE

    I, John T. Kennedy, certify that on December 22, 2020 I caused the foregoing document to be served pursuant to ECF on the assigned Assistant United States Attorney, who is a Filing User, and to be mailed to all other individuals.

                                                        /s/ John T. Kennedy

                                                        John T. Kennedy
                                                        Attorney for Defendant

John T. Kennedy
Attorney for Defendant
708 Church Street, Suite 205
Evanston, Il 60201
(847) 425-1115
(847) 254-6459 (cell)
kennedy3317@aol.com