IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) No. 18-cr-45-1 |
| | ) |
| Antonio Edwards. | ) |
| | ) |
| Defendant. | ) |

Memorandum Opinion and Order

On April 23, 2019, a grand jury returned a superseding indictment charging Defendant Antonio Edwards with conspiracy, robbery, and brandishing a firearm during and in relation to a crime of violence. ECF No. 252. The indictment alleged that Mr. Edwards and two co-defendants engaged in a conspiracy to rob a series of cellular telephone stores, that Mr. Edwards personally robbed three stores (in Chicago, Waukegan, and Bradley), and that he brandished a firearm during the Waukegan and Bradley robberies. *Id.* Mr. Edwards pleaded guilty to Count 1 (conspiracy), Count 2 (robbery of the Chicago store), and Count 8 (robbery of the Bradley store), ECF Nos. 359, 382, but went to trial on Count 6 (robbery of the Waukegan store), Count 7 (brandishing a firearm during the Waukegan robbery), and Count 9 (brandishing a firearm during the Bradley robbery). *See* ECF No. 390. The jury found Mr. Edwards

guilty on all three counts.  *Id.*  Mr. Edwards now moves for a new trial under Federal Rule of Criminal Procedure 33 [472].  For the reasons that follow, the motion is denied.

I.

I may vacate judgment and grant a new trial on the defendant's motion "if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  A new trial is in the interest of justice "only if there is a reasonable possibility that the trial error had a prejudicial effect on the jury's verdict." *United States v. Maclin*, 915 F.3d 440, 444 (7th Cir. 2019) (citing *United States v. Flournoy*, 842 F.3d 524, 530 (7th Cir. 2016)).  "A jury verdict in a criminal case is not to be overturned lightly, and therefore a Rule 33 motion is not to be granted lightly."  *United States v. Santos*, 20 F.3d 280, 285 (7th Cir. 1994) (citation omitted).[1]

Mr. Edwards first argues that the court erred in admitting other-act evidence of the Chicago and Bradley robberies, to which Mr. Edwards had already pleaded guilty, under Federal Rule of

---

[1] Rule 33(b)(2) provides that where, as here, a motion for a new trial is not grounded on newly discovered evidence, it "must be filed within 14 days after the verdict or finding of guilty."  The instant motion was filed nearly ten months after the jury reached its verdict.  Rule 33(b)(2)'s time limitation, however, is a non-jurisdictional claim-processing rule.  *Eberhart v. United States*, 546 U.S. 12, 19 (2005).  Accordingly, because the government did not assert untimeliness in its response to the Rule 33 motion, I may proceed to the merits.  *Id.*; *cf. United States v. Ramey*, 717 F. App'x 492, 492 (5th Cir. 2018) ("[T]he district court may have abused its discretion in raising the [Rule 33] timeliness issue sua sponte in view of *Eberhart* . . . .").

2

Evidence 404(b). "Rule 404(b)(1) bars evidence of uncharged misdeeds to prove that the defendant had a propensity for committing crime." *United States v. Brewer*, 915 F.3d 408, 415 (7th Cir. 2019). Rule 404(b)(2), however, permits the introduction of other-act evidence "for other purposes, including to prove identity, modus operandi, or intent." *Id.* "Other-act evidence need not be excluded whenever a propensity inference can be drawn. But its relevance to 'another purpose' must be established through a chain of reasoning that does not rely on the forbidden [propensity] inference." *United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014). If the evidence is relevant for a non-propensity reason, the court should undertake a Rule 403 balancing test to determine "whether the probative value of the other-act evidence is substantially outweighed by the risk of unfair prejudice." *Id.*

Here, the government argues that the other-act evidence was properly admitted for the purpose of proving the defendant's identity through modus operandi. In each of the robberies, the government contends, there was a consistency in the way the crime was carried out such that it became more likely that the Waukegan robbery was executed by the same perpetrator. Specifically, each of the three crimes was carried out in the following manner: (1) two or three people entered a cell phone store, (2) they wore hats or hoodies to disguise their identity and covered their hands with

3

gloves or sleeves to avoid leaving fingerprints, (3) one offender engaged a store employee while the others waited until there were no customers in the store, (4) one offender brandished a firearm and announced a robbery while another locked the front door, (5) the employees were led to the back of the store at gunpoint and one employee was forced to open a store safe, (6) cell phones were loaded into black plastic garbage bags, and (7) the offenders escaped through the back door. *See* ECF No. 475 at 8. The Seventh Circuit has upheld admission of modus operandi evidence of this sort for the propensity-free purpose of proving the offender's identity. *See Brewer*, 915 F.3d at 415; *see also United States v. Price*, 516 F.3d 597, 603-04 (7th Cir. 2008); *United States v. Smith*, 103 F.3d 600, 603 (7th Cir. 1996).

Mr. Edwards argues that the modus operandi asserted by the government was not sufficiently distinctive to be probative of identity. Many robbers, for example, wear hoodies or brandish firearms. When all the behavioral elements are considered together, however, I am convinced that pattern of behavior asserted by the government is sufficiently idiosyncratic to qualify as modus operandi evidence. Moreover, the fact that the robberies occurred close together in time (in the span of approximately a month) and in relative geographic proximity adds to the strength of the identity inference. *See Smith*, 103 F.3d at 603.

4

Nor am I convinced that the evidence should have been excluded under a Rule 403 analysis. The modus operandi evidence was highly probative given that identity was strongly disputed by Mr. Edwards. *See Gomez*, 763 F.3d at 857 ("[T]he degree to which the non-propensity issue actually is disputed in the case will affect the probative value of the other-act evidence."). And any prejudice to Mr. Edwards was diminished by jury instructions cautioning jurors that to the extent they concluded Mr. Edwards committed the Chicago and Bradley robberies, they should not assume "he is more likely to have committed [the] April 25, 2017 robbery in Waukegan and other crimes charged in the indictment." ECF No. 391 at 14, 28; *see Gomez*, 763 F.3d at 860 ("Appropriate jury instructions may help to reduce the risk of unfair prejudice inherent in other-act evidence."). Accordingly, I find no error in the admission of the other-act evidence under Rule 404(b).

II.

Mr. Edwards next contends that it was error not to send a rough transcript of Diego Acosta's trial testimony to the jury room after the jury asked the following question: "During the trial[,] did Diego [Acosta] identify Antonio Edward[s] at the Waukegan Verizon store?" ECF No. 394. Defense counsel argued that a rough transcript should be sent to the jurors, but the court declined to do so. Instead, the court responded, "Thank you for

5

your note. In answer to your question, please rely on your collective memory of the testimony." ECF No. 441 at 526:16-17.

In *United States v. Adcox*, the jury in a murder trial asked a similar question regarding the content of testimony: "Did Alejo Hernandez make the statement that Ronald Adcox was not the individual that entered the cell at the time of the murder?" 19 F.3d 290, 292 (7th Cir. 1994). There, like here, defense counsel argued that a transcript of Mr. Hernandez's testimony addressing this key issue should be sent to the jury, and the court declined to do so, instead answering: "you must rely on your memory as to the evidence." *Id.* The Seventh Circuit found no abuse of discretion. *Id.* at 295. The court reasoned: "[I]t would have been improper in this situation to read [a] small segment of the testimony from the transcript as it would run the risk of emphasizing and focusing on certain aspects of Hernandez's testimony over other portions as well as highlighting his testimony over that of a number of other credible witnesses." *Id.* at 294. Moreover, because the trial had been only a few days long, the court reasoned that the testimony in question was relatively fresh in the jurors' minds. *Id.* at 294-95. For precisely the same reasons, I find no error here.

### III.

Mr. Edwards also argues that the court should not have allowed use of a pistol for demonstrative purposes during the testimony of

6

ATF Agent Christopher Labno. Agent Labno manipulated a model gun during his testimony to demonstrate the mechanics of "racking," or pulling the slide back on a firearm. In part because the offenders could be seen racking their firearms in video of the robberies, Agent Labno concluded that the firearms in the videos were likely authentic, rather than toy or replica firearms.

Because defense counsel did not object to use of the demonstrative at trial, ECF No. 440 at 401:11-13, Mr. Edwards "is entitled to nothing more than plain-error review." *United States v. Madison*, No. 12-cr-1004-1, 2020 WL 2041352, at *4 (N.D. Ill. Apr. 28, 2020) (citing *United States v. Anderson*, 450 F.3d 294, 300 (7th Cir. 2006)); *see* Fed. R. Crim. P. 52(b); *United States v. Brasher*, No. 4:15-cr-00028-TWP-VTW, 2018 WL 1745967, at *3 (S.D. Ind. Apr. 11, 2018) ("If the defendant fails to timely object at trial to the errors raised in a Rule 33 motion, the district court considers whether the alleged errors created a 'plain error affecting substantial rights.'"). In other words, Mr. Edwards must "show there was error, that it was plain, and that it affected [his] substantial rights . . . , meaning the outcome of the trial was influenced by the error." *Anderson*, 450 F.3d at 299.

Mr. Edwards contends that use of the demonstrative was prejudicial because it could have "confuse[d] the jury as to whether the gun is the actual gun involved instead of merely demonstrative evidence." ECF No. 472 at 6. But that concern is

belied by Agent Labno's testimony; Agent Labno identified the firearm as "issued by ATF," ECF No. 440 at 401:6, and when asked if there was any allegation the firearm had been used in any robbery allegedly committed by Mr. Edwards, Agent Labno responded, "I have no knowledge of that, no," *Id.* 410:13-17. Accordingly, I decline to conclude that use of the demonstrative was unduly prejudicial. "Demonstrative aids are regularly used to clarify or illustrate testimony" within the court's authority under Rule 611(a) of the Federal Rules of Evidence to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . make those procedures effective for determining truth." Fed. R. Evid. 611(a); *United States v. Salerno*, 108 F.3d 730, 744 (7th Cir. 1997). I find no error.

IV.

Finally, Mr. Edwards objects to Jury Instruction 27. That instruction provided, in its entirety:

> You have heard testimony and evidence that the defendant has pleaded guilty to the commission of the April 30, 2017 robbery of an AT&T store in Bradley, Illinois.
>
> Before using this testimony and evidence, you must decide whether it is more likely than not that the defendant participated in the commission of this robbery. If you so find, you may consider this testimony and evidence to help you decide whether the defendant committed the crime charged in Count Nine of the indictment, which alleges that defendant brandished a firearm during the commission of the April 30, 2017 robbery in Bradley.

8

> You may also consider that evidence to help you decide the identity of participants in the charged April 25, 2017 robbery of a Verizon store in Waukegan, if you find that actions taken during the April 30, 2017 robbery are specific enough that they show a distinct method of operation that identifies the defendant as a participant in the charged April 25, 2017 robbery in Waukegan.
>
> You may not consider the testimony and evidence regarding the April 30, 2017 robbery in Bradley for any other purpose. You may not assume that because the defendant committed the April 30, 2017 robbery in Bradley, he is more likely to have committed April 25, 2017 robbery in Waukegan and other crimes charged in the indictment.

ECF No. 391 at 28. Again, Mr. Edwards's counsel failed to object at trial, ECF No. 440 at 444:2-5, so I review for plain error. *See Madison*, 2020 WL 2041352, at *4.

Mr. Edwards contends that Jury Instruction 27 was confusing and invited the jury to "consider the Bradley robbery evidence against the defendant without first properly considering whether the defendant was a participant in the Bradley robbery." ECF No. 472. But the instruction specifically guarded against this, providing: "Before using . . . testimony and evidence [regarding the Bradley robbery], you must decide whether it is more likely than not that the defendant participated in the commission of this robbery." ECF No. 391 at 28. Moreover, the instruction was based upon and tracked Pattern Criminal Jury Instruction of the Seventh Circuit 3.11 (2012 ed.), an instruction that has been upheld in the Seventh Circuit. *See Brewer*, 915 F.3d at 416. Accordingly,

9

Mr. Edwards has not established that reading Jury Instruction 27 amounted to plain error.

For the foregoing reasons, the motion for a new trial [472] is denied.

                                      **ENTER ORDER:**

                                      **Elaine E. Bucklo**
                                      United States District Judge

Dated: March 11, 2021