```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 18 CR 45-1 |
| | ) | |
| | ) | |
| Antonio Edwards, | ) | |
| | ) | |
| Defendant. | ) | |

## Memorandum Opinion and Order

In the span of just over one month in the spring of 2017, Antonio Edwards and others robbed three different cellphone stores in northeastern Illinois. Edwards was indicted on charges of conspiracy to obstruct, delay, or affect commerce by robbery, 18 U.S.C. § 1951(a) (Count One); Hobbs Act robbery for each of the three incidents, *id.* (Counts Two, Six, and Eight); and brandishing a firearm during two of the robberies, *id.* § 924(c)(1)(A)(ii) (Counts Seven and Nine). *See* Superseding Indictment, ECF 252. He pleaded guilty to the conspiracy charge and two of the Hobbs Act robbery charges, but proceeded to a jury trial on the remaining Hobbs Act charge and the firearms charges. The jury found him guilty on all three of those charges and I sentenced him on April 23, 2021 to a total term of imprisonment of 224 months.

Edwards now brings a petition under 28 U.S.C. § 2255, asserting six grounds for relief from his sentence, five of which

are ineffective assistance of counsel claims and one of which concerns an intervening change in the law. As explained below, none of these grounds warrants relief, so Edwards' petition is denied.

I.

A federal prisoner may seek relief under § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States," 28 U.S.C. § 2255(a), but relief is available under the statute "only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Harris v. United States*, 13 F.4th 623, 627 (7th Cir. 2021) (citation and internal quotation marks omitted). All but one of Edwards' claimed grounds for relief are premised on ineffective assistance of counsel under the Sixth Amendment, so he must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts presume both that defense counsel's performance fell "within the wide range of reasonable professional assistance," *id.* at 689, and that the defendant has not suffered prejudice, *United States v. Graf*, 827 F.3d 581, 584–85 (7th Cir. 2016). Failure to establish either prong is fatal to the claim. *See Thompson v. Vanihel*, 998 F.3d 762, 767 (7th Cir. 2021).

II.

A.

Edwards' first claimed ground for relief concerns his attorney's failure to object to alleged Speedy Trial Act violations. Under that statute, a trial must occur within 70 days of indictment or the defendant's initial appearance, whichever comes later. 18 U.S.C. § 3161(c)(1). But the Speedy Trial Act provides several reasons why time may be excluded from counting toward that 70-day clock. *See id.* §§ 3161(h)(1)–(8). Pursuant to these statutory provisions, time was excluded at various points during the pendency of Edwards' case.

In his memorandum, Edwards lists the exclusions of time in this case before observing that his attorney "never objected to a single exclusion from the Speedy Trial clock." Mem., ECF 553 at 1–2. That alone is too broad a contention to justify relief under § 2255 because it leaves unanswered why each exclusion was inappropriate, nor does it offer a valid overarching reason why all were inappropriate. That contention is thus waived for failure to develop it or support it with legal authority. *See White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) (noting on review of § 2255 petition that "this court has repeatedly and consistently held that perfunctory and undeveloped arguments, as well as arguments that are unsupported by pertinent authority, are waived" (citation omitted)).

3

His general complaint aside, Edwards does develop argument as to several specific periods of time. He starts with the period from February 7, 2018--the date he made his initial appearance and when the clock began to run for Speedy Trial Act purposes--through February 23, 2018. Magistrate Judge Gilbert excluded time as to that period in a minute entry, stating in relevant part: "On the Government['s] oral motion and Defendant not objecting, the Court finds that the time until the next status hearing before the District Judge shall be excluded for preparation of pretrial motions under the ends-of-justice provision, as required by § 3161(h)(7) and for motions under 18 USC § 3161(7)(B)(iv) and 18 USC § 3161(h)(1)(D)." 2/7/2018 Minute Entry, ECF 34.[1] Edwards argues exclusion under subsection (h)(1) was inappropriate because no pretrial motions were ever filed. But he does not explain why exclusion under subsection (h)(7) in the alternative was problematic. He therefore fails to offer a basis to conclude that exclusion was inappropriate under each of the cited provisions, which means that he cannot show his attorney's failure to object fell short of the constitutional minimum. *Blake v. United States*, 723 F.3d 870, 885 (7th Cir. 2013) (rejecting ineffective assistance of counsel claim in § 2255 petition based on violation of Speedy Trial Act where petitioner failed to show statutory violation).

---

[1] The reference to "18 USC § 3161(7)(B)(iv)" presumably is meant to read "18 USC § 3161(h)(7)(B)(iv)."

4

Furthermore, even were I to conclude that the time from February 7, 2018 through February 23, 2018 should not have been excluded, that amounts to only 16 days. Because, as explored further below, Edwards fails to show additional days should have counted toward the 70 permitted under the Speedy Trial Act, these 16 days would not amount to a violation of the statute.

Edwards also asserts that the court failed entirely to exclude time for two periods: September 14, 2018 through November 18, 2018, and May 25, 2019 through July 25, 2019. Though true that there was no exclusion of time in writing for September 14, 2018 through November 18, 2018, one was made orally on the record during a hearing on September 13, 2018. *See* 9/13/2018 Hearing Tr., ECF 563 at 9 ("We'll exclude time until the 19th of November for preparation and in the interest of justice and to deal with motions."). "[A] written order is not required so long as the district court's oral remarks make clear its intent to exclude time." *United States v. Vallone*, 698 F.3d 416, 447 (7th Cir. 2012), *judgment vacated on other grounds sub nom. Dunn v. United States*, 570 U.S. 901 (2013), *opinion modified and reinstated*, 752 F.3d 690 (7th Cir. 2014). As for the period from May 25, 2019 until July 25, 2019, Edwards is mistaken that no exclusion was entered; time was excluded for that period under the ends-of-justice provision on May 24, 2019. *See* 5/24/2019 Minute Entry, ECF 269.

B.

5

Edwards argues as his second ground for relief that his attorney should have filed a motion to dismiss the superseding indictment, which he claims was fatally defective as to Counts One, Six, Seven, and Nine. Specifically, he asserts that each of these counts failed to allege the required *mens rea* element.

To be valid, an indictment "must allege all of the elements which are necessary to constitute a violation of the statute," but it is sufficient that each element be "present in context"; the indictment need not "spell out each element." *United States v. Smith*, 223 F.3d 554, 571 (7th Cir. 2000) (citations and internal quotation marks omitted). Count One, which charged Hobbs Act conspiracy, is sufficient because it alleges Edwards "did conspire" to commit certain acts, Superseding Indictment at 1, and "[t]he verb 'conspire' . . . entails an intent to act," *United States v. Barrios-Ramos*, 732 F. App'x 457, 460 (7th Cir. 2018); *see also United States v. Jones*, 754 F. App'x 452, 456 (7th Cir. 2018) (same).

Edwards also faults Count Six, which charges Hobbs Act robbery, for failure to include the term "knowingly." In *United States v. Buggs*, 6 F. App'x 484, 486–87 (7th Cir. 2001), the Seventh Circuit held that an indictment charging Hobbs Act robbery without an explicit "knowingly" allegation was not fatally deficient. Though the *Buggs* court was reviewing for plain error, and it accordingly disclaimed deciding whether a Hobbs Act

6

indictment needed to "restate the[] ingredients"--including knowledge--"of any robbery offense," *id.* at 487, it offers support for the notion that an explicit "knowledge" allegation is not required. Moreover, other courts in this circuit and beyond have concluded that an indictment for Hobbs Act robbery "necessarily impart[ed] an allegation that the defendant acted knowingly," despite no explicit allegation to that effect. *United States v. Eubanks*, No. 11 C 50167, 2012 WL 104527, at *2 (N.D. Ill. Jan. 12, 2012) (citation omitted); *see also United States v. Morgan*, Crim. Action No. 14-20610, 2015 WL 9463975, at *6 (E.D. Mich. Dec. 18, 2015) (concluding that Hobbs Act robbery "necessarily involves an intent to unlawfully take something from another" (citations omitted)); *United States v. Tobias*, 33 F. App'x 547, 549 (2d Cir. 2002) (observing on plain error review that "the term 'robbery' . . . necessarily implies knowing and willful conduct"); *United States v. Woodruff*, 296 F.3d 1041, 1048 (11th Cir. 2002) (same).

As for Counts Seven and Nine, Edwards again maintains that the government's failure to specifically allege the *mens rea* of "knowingly" renders it defective. However, the Seventh Circuit has held that an indictment for violation of 18 U.S.C. § 924(c) is not defective for failing to state the word "knowingly," since the statutory terms "using or carrying" and "during and in relation to" necessarily include a knowledge requirement. *United States v. Gutierrez*, 978 F.2d 1463, 1467 (7th Cir. 1992); *see also United*

7

*States v. Mancillas*, 183 F.3d 682, 708 (7th Cir. 1999) (observing that "[i]n [*Gutierrez*], this Court held that an indictment was not defective for failing to explicitly state the knowledge requirement" in a § 924(c) charge, since "a person cannot have possession or control of a firearm and allow the firearm to play a role in the crime unless the person [had knowledge] of the firearm's existence" (citation and internal quotation marks omitted)). The superseding indictment here tracks the statutory language, including by alleging that Edwards "did use, carry, and brandish a firearm during and in relation to a crime of violence," Superseding Indictment at 8, 10, and is therefore sufficient. That means Edwards' attorney could not have been deficient in failing to seek dismissal of the indictment.

C.

In his third ground for relief, Edwards argues that Counts Six, Seven, and Nine were constructively amended by the inclusion of the term "knowingly" in the jury instructions on those counts and that his attorney should have lodged an objection on that basis.

Constructive amendment occurs, among other ways, when the jury instructions charge an offense not contained in the indictment. *United States v. Heon Seok Lee*, 937 F.3d 797, 806 (7th Cir. 2019). Because, as explained above, a *mens rea* of "knowingly" was implicit in Counts Six, Seven, and Nine, as indicted, the

8

explicit addition of the term "knowingly" in the jury instructions did not constructively amend those counts. *See United States v. Muelbl*, 739 F.2d 1175, 1181 (7th Cir. 1984) (constructive amendment by jury instructions requires that the instructions "materially alter[] the theory of criminal liability charged in the grand jury's indictment"); *see also Scott*, 2005 WL 1676785, at *9 (rejecting § 2255 petitioner's ineffective assistance of counsel argument premised on attorney's failure to argue constructive amendment of Hobbs Act robbery charge where indictment did not explicitly allege "knowingly" but jury instructions did).

As above, Edwards' constructive amendment argument fails for the additional reason that he has failed to demonstrate a reasonable probability that the outcome would have been different had his attorney objected to the alleged constructive amendment.

D.

Edwards' fourth ground for relief is a claim that his attorney's performance was adversely affected by a conflict of interest.

"The Sixth Amendment right to effective assistance of counsel encompasses 'a correlative right to representation that is free from conflicts of interest.'" *Blake*, 723 F.3d at 880 (quoting *Wood v. Georgia*, 450 U.S. 261, 271 (1981); additional citation omitted). Such conflicts "usually arise in cases involving joint representation, but a conflict may also arise 'when a client's

9

interest conflicts with that of his attorney.'" *United States v. Lewisbey*, 843 F.3d 653, 657 (7th Cir. 2016) (quoting *United States v. Ellison*, 798 F.2d 1102, 1106-07 (7th Cir. 1986)). Assertions of conflict may be analyzed under either of two frameworks. *Blake*, 723 F.3d at 880. Under the first, which applies "if the defense counsel was faced with a choice between advancing his own interests above those of his client," a petitioner may prevail by showing that, absent the conflict, "there is a reasonable likelihood that the attorney's performance would have been different." *Hall v. United States*, 371 F.3d 969, 973-74 (7th Cir. 2004) (citation omitted). Under the second framework, "where there has been no 'actual' conflict of interest alleged or shown, a petitioner must establish that the conflict resulted in ineffective assistance according to the familiar and more demanding *Strickland* standard." *Blake*, 723 F.3d at 880.

Here, Edwards has not alleged an "actual" conflict, asserting only that his interests and his attorney's "diverge[d] with respect to some factual or legal issues." Mem. at 29. He lists actions that he believes his attorney should have taken but did not-- including some raised in his § 2255 petition like failing to move to dismiss the superseding indictment as defective, failing to object to violations of the Speedy Trial Act, and failing to object

10

to constructive amendment; as well as errors during trial[2] and a "breakdown in communication"--but that alone does not suggest his attorney labored under an actual conflict, such that he had to choose whether to advance Edwards' interests or his own.

Edwards must therefore proceed under the second analytical framework. But aside from asserting that he wishes his attorney had done things differently, Edwards does not offer enough to conclude that he suffered prejudice under *Strickland*'s second prong. Accordingly, his claim fails.

E.

As his fifth ground for relief, Edwards argues that Count Nine--one of his two firearms charges under 18 U.S.C. § 924(c)(1)(A)(ii)--should be vacated and that he should be resentenced in light of the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022).

In *Taylor*, the Supreme Court held that attempted Hobbs Act robbery is not a "crime of violence" under § 924(c)(3)(A) because "no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force." *Id.*

---

[2] Edwards does not explain what these errors were in his present submissions, instead referring to a *pro se* motion and memorandum filed shortly after his trial, in which he complained of his trial counsel's performance. *See* ECF 413, 414, 415. I subsequently appointed Edwards new counsel, who brought a motion for a new trial based on the purported errors Edwards had identified in his *pro se* motion, plus more. *See* ECF 472. I considered those issues in denying the motion for a new trial. *See* ECF 480.

11

at 852. Here, the "crime of violence" for which Edwards is alleged to have violated § 924(c) in Count Nine is not attempted Hobbs Act robbery, but rather aiding and abetting Hobbs Act robbery. Since *Taylor* was decided, the Seventh Circuit has considered whether aiding and abetting Hobbs Act robbery counts as a "crime of violence" sufficient to undergird a § 924(c) charge, and concluded that it does. *United States v. Worthen*, 60 F.4th 1066, 1068–70 (7th Cir. 2023). Edwards' argument is squarely foreclosed by that decision.[3]

F.

On appeal, Edwards argued two points: first, that it was error to admit evidence of the two robberies to which he had pleaded guilty; and second, that it was error not to provide the jury with a trial transcript in response to the jury's question about a particular witness's testimony. *See United States v. Edwards*, 26 F.4th 449, 452 (7th Cir. 2022). The Seventh Circuit affirmed on both of those issues, and Edwards now asserts as his sixth ground for relief that his appellate counsel's performance fell short of what the Constitution demands because he failed to raise several other issues on appeal.

---

[3] Edwards cites *Bridges v. United States*, 991 F.3d 793 (7th Cir. 2021), in support of his argument. While true that the court in *Bridges* held that Hobbs Act robbery is not a "crime of violence" for purposes of the Sentencing Guidelines, *id.* at 797–98, the Guidelines' definition of that term differs from § 924(c)'s, which explains the divergent holding in *Worthen*.

12

The familiar *Strickland* standard applies to ineffective assistance of appellate counsel claims, with the additional gloss that a claimant must show "appellate counsel failed to raise an issue that was both obvious and clearly stronger than the issues he did raise." *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009) (citation omitted). "[C]ounsel is not required to raise every nonfrivolous issue on appeal." *Brown v. Finnan*, 598 F.3d 416, 425 (7th Cir. 2010) (citing *Martin v. Evans*, 384 F.3d 848, 852 (7th Cir. 2004)).

Several of the issues Edwards contends should have been raised on appeal are the same ones he raises now as the first through fourth grounds for relief in his § 2255 petition. Edwards' appellate counsel did not run afoul of the Sixth Amendment by failing to raise these issues for the same reasons, explained above, that his other attorneys were not ineffective for failing to raise them at the trial level.

Edwards also argues that his appellate attorney should have raised the fact that one of the government's witnesses, James Bates, was using marijuana laced with crack cocaine during his cooperation with the government. In Edwards' view, the government's failure to disclose this fact amounts to a violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

Under *Brady*, "the government violates a criminal defendant's right to due process when it suppresses evidence favorable to the

13

defendant." *United States v. Bicknell*, 74 F.4th 474, 475 (7th Cir. 2023) (citing *Brady*, 373 U.S. at 87). The government is wrong that Edwards offers "absolutely no evidence to support his contention that cooperator James Bates was a drug user." Resp., ECF 568 at 36. Edwards attaches to his petition an affidavit from his mother, Kathy Bridges, in which she states that she has "personal knowledge that the Government's star witness James Bates was using marijuana laced with crack cocaine during the course of his cooperation with the Government and he specifically informed me that my son should look up the Brady law." Bridges Aff., ECF 547 at 36.

Nonetheless, Edwards' claim fails. Edwards provides no allegation that the government was aware of Bates' alleged drug use at the time of Bates' cooperation, and therefore does not allege that the government suppressed that evidence. His *Brady* claim is thus without merit and his appellate counsel cannot be faulted for failing to raise it. Furthermore, Edwards does not assert that his appellate attorney was aware of Bates' alleged drug use, so I cannot conclude he could have known this was a possible argument to raise on appeal. Finally, Edwards does not argue that the outcome of his trial would have been different absent Bates' testimony. Indeed, even without that testimony, there was surveillance footage and another witness' testimony providing substantial grounds tying Edwards to the robbery. *See* 2/26/2020 Trial Tr., ECF 439 at 14–22.

III.

For the foregoing reasons, Edwards' § 2255 motion is denied. I decline to hold an evidentiary hearing because the record before me is enough to establish that Edwards is not entitled to the relief he seeks. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Additionally, reasonable jurists would not find my denial of his motion debatable, so I decline to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: May 10, 2024